CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

BISCHOFF'S MEDICAL SUPPLIES, INC.,

                Debtor.

Case No. 09-31594 DM

CHAPTER 11

**MOTION TO SELL FREE AND CLEAR OF LIENS AND INTERESTS IN PERSONAL PROPERTY**

Hearing Date: November 24, 2009
Hearing Time: 9:30 a.m.
Place: Crt. 22
Judge: Honorable Dennis Montali

     BISCHOFF'S MEDICAL SUPPLIES, INC., Debtor and Debtor-in-Possession herein ("Debtor"), moves this court for entry of an order allowing Debtor to sell it's assets, namely Debtor's inventory, fixtures, files, and phone number located at three of its existing locations, as follows:

**I. Introduction.**

     By this Motion, Debtor seeks to sell its assets, namely Debtor's inventory, fixtures, files, and phone number located at three of its existing locations, to Debtor's store managers and/or employees in order to generate monies for the estate.

//

//

**MOTION TO SELL FREE AND CLEAR OF LIENS AND INTERESTS IN PERSONAL PROPERTY**
Case: 09-31594    Doc# 33    Filed: 10/27/09    Entered: 10/27/09 16:19:55    Page 1 of 4

**II. Factual Background.**

    **A. General Background.**

Debtor is in the business of retail sales of medical supplies. Debtor's responsible person is Edward Bischoff. Mr. Bischoff has been in the business of retail sales of medical supplies for multiple decades. Mr. Bischoff formed Debtor on October 11, 2001.

Pre and post-petition Debtor had four locations: (1) 1635 Divisadero St., Suite 105 in San Francisco, CA 94115 ("San Francisco Store"); (2) 1465 Chapin Ave. in Burlingame, CA 94010 ("Burlingame Store"); (3) 7700 Sunrise Blvd., Suite 1300 in Citrus Heights, CA 95610 (Citrus Heights Store"); and (4) 2590 Alta Arden Expressway in Sacramento, CA 95825 ("Sacramento Store").

On June 9, 2009 Debtor filed a voluntary petition under Chapter 11 of title 11 of the United States Code commencing the instant case.

Presently Debtor operates at three locations, namely the Burlingame Store, the Citrus Heights Store, and the Sacramento Store. On September 11, 2009 Debtor closed the San Francisco Store and vacated the premises because Debtor was unable to re-negotiate lease terms with the landlord to reduce the monthly lease rate or size of the leased premises.

Debtor has, since commencement of this case, evaluated its options to pay creditors, including closing or selling various store locations and various inventories. As part of Debtor's efforts to determine value of its assets, Debtor, with assistance and cooperation its employees, conducted inventories at each of the remaining three locations and then made inquiries, including to the various store managers and/or employees, regarding interest in purchasing Debtor's assets.

Debtor received interest from its various store managers and/or employees and the negotiated cash terms for the sales, sales based on a per store basis.

    **B. Sales Of Burlingame Store, Citrus Heights Store, and Sacramento Store.**

Recently, Debtor reached agreements to sell its assets, namely inventory, fixtures, files, and phone number located at three of its existing locations, to Debtor's store managers and/or employees as follows:

(A) Richard Laura and Mark Abaya, or their assignee, the Debtor's inventory, fixtures, files,

and phone number located at the Burlingame Store ("Burlingame Store" means 1465 Chapin Ave. in Burlingame, CA 94010) for $10,000.00 pursuant to a Asset Purchase Agreement ("APA");

(B) Trevor Bischoff, or his assignee, the Debtor's inventory, fixtures, files, and phone number located at the Sacramento Store ("Sacramento Store" means 2590 Alta Arden Expressway in Sacramento, CA 95825) for $9,600.00 pursuant to a Asset Purchase Agreement ("APA"); and

(C) Morgan Bischoff, or her assignee, the Debtor's inventory, fixtures, files, and phone number located at the Citrus Heights Store ("Citrus Heights Store" means 7700 Sunrise Blvd., Suite 1300 in Citrus Heights, CA 95610) for $8,250.00 pursuant to a Asset Purchase Agreement ("APA").

These sales are 'cash sales' and do not include the assumption of any liabilities. Debtor and the various purchasers have not completed a formal Asset Purchase Agreement ("APA"), but anticipate a final and duly executed APA will be completed prior to a hearing on this Motion.

**C. Valuation Of The Property Was Based On The Value Of Debtor's Inventory, Fixtures, Files, And Phone Number.**

Debtor, as part of its general business operation, cooperation with the United States Trustee, and sales process, conducted inventories at its Burlingame Store, Citrus Heights Store, and Sacramento Store. From these inventories Debtor was able to determine a price basis. Debtor, and the buyers, recognize that the value of the inventories fluctuate due to fluctuating inventories from purchases and/or sales and the age of the various items. Therefore, the final sales prices may fluctuate until the time of closing of the various sales.

**III. Legal Authority.**

The Sale Complies With Bankruptcy Code 363 (b), (f), Is For Fair Value, Is In Good Faith, And Is In The Best Interest Of The Creditors.

Bankruptcy Code 363(f) provides that a trustee or debtor-in-possession, after notice and a hearing, may sell property free and clear of any other entity's interest in such property, if:

(1) applicable non-Bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is

greater than the aggregate value of all liens on such property; (4) such interest is in bone fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. The provisions of Bankruptcy Code 363(f) are disjunctive, thus a sale free and clear of the concerned interest may be permitted if any one of the conditions are met. In addition, courts have long recognized that court's have the power to authorize the sale of property free of liens with the liens attaching to the proceeds, without the consent of the lienholder. (Ray v. Norseworthy, 90 U.S. (23 Wall. 128 (128) (1875)).

In determining whether to approve a propose sale under Bankruptcy Code 363, courts generally apply the business judgment test. (In re Condere, 225 B.R. 334 (Bankr. E.D. Mich. 1997) Some court's described the standard as one of 'good faith', 'best interest of creditors', or 'fair and reasonable, but does not require the highest bid. ((In re Condere, 225 B.R. 334 (Bankr. E.D. Mich. 1997); In re Phoenix Steel Corp., 82 B.R. 334 (Bankr. D. Del. 1987); WBQ P'ship v. Commonwealth of Virginia Dep't of Medical Assistance Servs., 189 B.R. 97 (Bankr. E.D. Va. 1995); and In re Delaware & Hudson Railway Co., 124 B.R. 169 (D. Del. 1991)).

Debtor submits that it exercised reasonable business judgment and the sales are for fair value, in the best interest of creditors, fair and reasonable, and in good faith.

Debtor does not anticipate any objections to the Motion.

## IV. Conclusion.

WHEREFORE, Debtor respectfully requests an order authorizing Debtor to sell Debtor's business and assets pursuant to Bankruptcy Code 363 (b), (f), (m), Bankruptcy Code 506, 506 (d), and Bankruptcy Rule 3012 and 6004, free and clear of all liens.

Dated: October 27, 2009  CAMPEAU GOODSELL SMITH

/s/ William J. Healy
William J. Healy

MOTION TO SELL FREE AND CLEAR OF LIENS AND INTERESTS IN PERSONAL PROPERTY
Case: 09-31594    Doc# 33    Filed: 10/27/09    Entered: 10/27/09 16:19:55    Page 4 of 4